IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS PARAMO, § | | |
|     Movant, § | | |
| § | | 3:18-cv-2022-B (BT) |
| v. § | | 3:14-cr-0369-B (BT) |
| § | | |
| UNITED STATES OF AMERICA, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the motion should be denied.

I.

In March 2016, Movant pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court sentenced him to 120 months' imprisonment. Movant filed a direct appeal, but the Fifth Circuit Court of Appeals dismissed his appeal as frivolous. *United States v. Paramo*, 694 F. App'x 293 (5th Cir. 2107). Movant then filed this § 2255 motion, in which he argues: (1) he received ineffective assistance of appellate counsel when counsel failed to argue that Amendment 801 of the

1

Sentencing Guidelines applied to his conviction; and (2) he received ineffective assistance of trial counsel when counsel failed to object to the 5-level sentencing enhancement for distributing child pornography in return for a thing of value. Later, Movant filed a reply to the government's response to his § 2255 motion raising the new claim that his trial counsel was ineffective when counsel failed to argue that "the child pornography Guidelines were not developed following an empirical approach but in response to Congressional directives," and therefore they do "not comport with 18 U.S.C. § 3553(a)." (ECF No. 8 at 12.)

## II.

The presentence report summarizes the facts underlying Movant's conviction and sentence:

Movant used his neighbor's unsecured wireless router to access the internet and download child pornography. (PSR ¶ 19.) In October 2013, an undercover police detective in Sherman, Texas accessed a peer-to-peer file-sharing network called "Ares" and found that internet protocol (IP) address 76.186.86.159 was making child pornography files available for sharing. (PSR ¶ 15.) The detective successfully downloaded two files. (PSR ¶ 15.) The detective then requested the assistance of special agents with Homeland Security Investigations (HSI). (PSR ¶ 16.)

HSI Special Agent Jester learned that a Mesquite, Texas detective, Detective Quigley, also had been investigating the same IP address. Detective Quigley had downloaded child pornography videos from the same IP address on five separate occasions from May 2013 through December 2013. (PSR ¶ 15.) Based on the detectives' investigations, Special Agent Jester issued an administrative summons to Time Warner Cable to determine the subscriber information for the IP address. (PSR ¶ 17.) With that information, Special Agent Jester obtained a search warrant for W.C.'s home in Mesquite, Texas. (PSR ¶ 17.) In February 2014, agents executed the search warrant but found no evidence of the Ares program being installed on any of the computers in the residence and no evidence of child pornography. (PSR ¶ 17.) Also, no one at the residence spoke Spanish, which was inconsistent with the files' names shared from the IP address. (PSR ¶ 17.) The agents discovered that W.C.'s wireless router was unsecured and accessible from as far away as two or three houses in all directions. (PSR ¶ 17.)

From March 3, 2014 through March 6, 2014, Special Agent Jester used a computer application to monitor the media access control (MAC) addresses of all the digital devices accessing W.C.'s wireless router. (PSR ¶ 18.) Agents isolated the times a certain suspect digital device had accessed the wireless router and the Ares network. (PSR ¶ 18.) Agents then used another electronic

3

device to track the signal strength of the MAC addresses and found the digital device belonged to Movant. (PSR ¶ 18.)

Special Agent Jester then obtained a search warrant for Movant's residence. (PSR ¶ 19.) Movant agreed to an interview and admitted that he had used the Ares program to download child pornography for several years. (PSR ¶ 19.) He admitted to using W.C.'s wireless router. (PSR ¶ 19.) Movant also stated he knew that his files were available for download to other users on the Ares network. (PSR ¶ 19.) Forensic analysis of Movant's computer and electronic storage devices revealed 82 videos of child pornography. (PSR ¶ 20.) Movant's collection included depictions of sadistic and masochistic conduct, as well as one video depicting the sexual abuse of a toddler. (PSR ¶ 20(PSR ¶ 18.).

A grand jury charged Paramo in a four-count indictment with (i) transporting and shipping child pornography, in violation of 18 U.S.C. § 2252A(a)(1), (ii) possession of prepubescent child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and (iii) receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). However, on March 24, 2016, Movant pleaded guilty to a superseding information charging him with a single count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court sentenced Movant to 120 months' imprisonment.

III.

Movant claims both his trial counsel and his appellate counsel were ineffective. To prevail on his ineffective-assistance-of-counsel claim, Movant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Movant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a movant must prove prejudice. To prove prejudice, Movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing

'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a movant argues his guilty plea was not voluntary due to the ineffective assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206.

### 1. Appellate Counsel

Movant contends his appellate counsel was ineffective when counsel failed to argue that Amendment 801 to the Sentencing Guidelines should apply to his conviction. Amendment 801 amended the language in the child pornography guidelines at U.S.S.G. § 2G2.2(b)(3) to "address[] differences among the circuits involving application of the tiered distribution enhancements in § 2G2.2[.]" The circuits have reached different conclusions regarding the mental state required for application of the 2-level enhancement for "generic" distribution as compared to the 5-level enhancement for distribution "not for pecuniary gain." U.S. Sentencing

Guidelines Manual, Suppl. to App. C, Amendment 801 (U.S. Sentencing Comm'n 2016).

Movant's argument fails. The Sentencing Commission did not make Amendment 801 retroactive to convictions occurring prior to November 1, 2016. *See* U.S.S.G. §1B1.10; *United States v. Childs*, 709 F. App'x 284, 285 (5th Cir. 2018) (per curiam) (stating district court was not authorized to reduce defendant's sentence under Amendment 801 because the Amendment was not listed as retroactively applicable under U.S.S.G. § 1B1.10(d)). Here, the final judgment in Movant's criminal case was entered on September 6, 2016. Amendment 801 therefore does not apply to Movant's conviction. His ineffective assistance of appellate counsel claim should be denied.

### 2. Trial Counsel

Movant further contends his trial counsel was ineffective when counsel failed to object to the 5-level sentencing enhancement for distributing child pornography in return for a thing of value, but not for pecuniary gain. The record shows, however, that counsel did object to this enhancement, arguing there was no specific evidence that Movant distributed child pornography with the expectation of receiving anything of value. (*See* No. 3:14-cr-369-B (BT) (ECF No. 78 at 1.)) The court, however, overruled that objection. (*Id.* at

7

ECF No. 102 at 7.) Movant has failed to establish his counsel was ineffective for failing to raise this claim.

Additionally, in Movant's reply, he raises the new claim that his counsel was ineffective because counsel failed to argue that "the child pornography Guidelines were not developed following an empirical approach but in response to Congressional directives," and therefore they do "not comport with 18 U.S.C. § 3553(a)."[1] (ECF No. 8 at 12.)

Movant's new claim is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). The statute provides that the limitations period shall run from the latest of:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Movant was prevented from filing by such governmental action;

---

[1] Movant added this claim in violation of the Court's Order and Instructions to Parties which instructed Movant that his reply should not "include any new allegations of fact or new grounds for relief." (ECF No. 3 at 2.)

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Here, the Fifth Circuit dismissed Movant's appeal on August 1, 2017. He did not file a petition for writ of certiorari. His conviction therefore became final 90 days later, on October 30, 2017. *See* Sup. Ct. R. 13. Movant then had one year, or until October 30, 2018, to file his § 2255 claims. He did not file this claim until January 7, 2019.

Additionally, this claim does not relate back to the filing of his § 2255 motion on August 3, 2018. Under Federal Rule of Civil Procedure 15, "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(B) (2019 West).

The new ineffective assistance of counsel claim in Movant's reply does not share a commonality with the claims raised in the original motion. Such commonality must be something more than the fact that they occurred

9

during the same court proceedings. *See Rodriguez v. United States*, 286 F.3d 972, 981 (7th Cir. 2002) (citations omitted) (finding "that an untimely § 2255 claim will not 'relate back' under Rule 15(c) unless the claim has 'more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings.'"); *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000) (same); *United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000) (rejecting defendant's argument that his new claims should relate back because the "'occurrence' for purposes of Rule 15(c) should be the entire trial and sentencing proceeding . . . ."). As the Seventh Circuit has noted, the "circuits have been uniform in their denial of amendments that would add a new claim or theory of relief." *Rodriguez,* 286 F.3d at 981.

Movant's new claim that counsel failed to argue that the child pornography guidelines do not comport with 18 U.S.C. § 3553(a) does not simply supplement or amplify the facts already alleged. The new claim is separate and distinct from Movant's previously alleged ineffective assistance of counsel claims. His claim therefore does not relate back to filing of the original motion. Movant has also stated no basis for equitable tolling. His claim is therefore time-barred.

IV.

For the foregoing reasons, the Court recommends that Movant's motion to vacate, set-aside, or correct sentence under § 2255 be DENIED.

Signed November 12, 2019.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).